**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on July 1, 2026**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| **v.** | : | **GRAND JURY ORIGINAL** |
| **RICHARD BROWN,**<br>**also known as "Trey,"** | : | **VIOLATIONS:**<br>**18 U.S.C. § 922(o)**<br>**(Unlawful Possession of a Machinegun)** |
| **Defendant.** | : | **18 U.S.C. § 2312**<br>**(Interstate Transportation of a Stolen Vehicle)** |
| | : | **22 D.C. Code § 4504(a)(1) (2001 ed.)**<br>**(Carrying a Pistol Without a License Outside Home or Place of Business)** |
| | : | **22 D.C. Code § 3215(b) (2001 ed.)**<br>**(Unauthorized Use of a Vehicle)** |
| | : | **50 D.C. Code § 2201.05b(b)(2) (2001 ed.)**<br>**(Fleeing a Law Enforcement Officer)** |
| | : | **FORFEITURE**<br>**21 U.S.C. § 924(d)**<br>**28 U.S.C. § 2461(c)**<br>**21 U.S.C. § 853(p)** |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about February 8, 2026, within the District of Columbia, **RICHARD BROWN**, did knowingly possess a machinegun, that is, a Glock Model 20 10mm pistol, with serial number BKRT346, equipped with a machinegun conversion device, which is designed and intended to

convert a semi-automatic handgun to be capable of fully automatic fire, without manual reloading, by a single function of the trigger, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

(**Unlawful Possession of a Machinegun**, in violation of Title 18, United States Code, Section 922(o))

**COUNT TWO**

On or about February 8, 2026, within the District of Columbia and elsewhere, **RICHARD BROWN**, did unlawfully transport in interstate commerce from the District of Columbia to the State of Maryland and back to the District of Columbia, a stolen motor vehicle, that is, an Acura TLX, knowing the motor vehicle to have been stolen.

(**Interstate Transportation of a Stolen Vehicle**, in violation of Title 18, United States Code, Section 2312)

**COUNT THREE**

On or about February 8, 2026, within the District of Columbia, **RICHARD BROWN**, did carry, openly and concealed on or about his person, in a place other than his dwelling place, place of business, or on other land possessed by him, a pistol, without a license issued pursuant to law.

(**Carrying a Pistol Without a License (Outside Home or Place of Business)**, in violation of 22 D.C. Code, Section 4504(a)(1) (2001 ed.))

**COUNT FOUR**

On or about February 8, 2026, within the District of Columbia, **RICHARD BROWN**, feloniously did take, use and operate a motor vehicle, property of Caleb Pike, and did take, use, and operate that motor vehicle for his own purpose, without the consent of Caleb Pike, the owner of that motor vehicle.

(**Unauthorized Use of a Vehicle**, in violation of 22 D.C. Code, Section 3215(b) (2001 ed.))

## COUNT FIVE

On or about February 8, 2026, within the District of Columbia, **RICHARD BROWN**, while operating a motor vehicle, did knowingly fail and refuse to bring that motor vehicle to an immediate stop, and did attempt to elude a law enforcement officer, following a law enforcement officer's signal to bring the motor vehicle to a stop and operated the motor vehicle in a manner that would constitute reckless driving.

(**Fleeing a Law Enforcement Officer**, in violation of 50 D.C. Code, Section 2201.05b(b)(2) (2001 ed.))

## FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses.

## SPECIFIC PROPERTY SUBJECT TO FORFEITURE

The property subject to forfeiture includes, but is not limited to, the following property:

1. Glock, Model 20 Gen 4, 10mm caliber firearm, serial number BKRT346
2. One machinegun conversion device
3. Large capacity magazine
4. Approximately 31 rounds of 10 mm ammunition
5. Blue aiming laser

## MONEY JUDGMENT

The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting or derived from any proceeds obtained, directly or

indirectly, as the result of these offenses; and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of this offense, and any property traceable to such property.

**SUBSTITUTE ASSETS**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Sections 853(p), and Title 28, United States Code, Section 2461(c)).

A TRUE BILL:

________________________
FOREPERSON

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

By: [signature]
Kimberly C. Nielsen
Deputy Chief, Violent Crime &
Narcotics Trafficking Section